IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE SOUTHERN DISTRICT OF INDIANA,
TERRE HAUTE DIVISION

**FILED**

**04/04/2023**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

ANTHONY LAMAR JOHNSON,
Petitioner

VS.

2:23-cv-00170-JMS-MG

T. RULE, WARDEN OF
FCI-TERRE HAUTE,
Respondent.

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C §§ 2241

COMES NOW Anthony Johnson, Petitioner, Pro Se in the above-styled motion in compliance with the Second Chance Act, 18 U.S.C. §§ 3621 (b) and §§ 3624 (c)(1). The Petitioner is currently incarcerated in the Federal Bureau of Prisons for law violations 18 U.S.C. § 922 (g)- Unlawful Possession of a Firearm and 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(c) - Possession with Intent to Distribute. The petitioner was arrested on December 21, 2014 for these charges and was sentenced to 120 months concurrently for each count, on November 2, 2015. At the

1

time of this filing, the petitioner is housed at FCI-Terre Haute in Terre Haute, Indiana with a projected release date (PRD) of November 26, 2023 and a home detention eligibility of May 26, 2023.

## ARGUMENT

The Federal Bureau of Prisons (BOP), by statute is directed to transfer prisoners to a Residential Reentry Center (RRC) as they approach the end of their sentences in an effort to maximize the chances of that prisoner's successful reintegration into society. In general, the Director of the BOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community, 18 U.S.C. §§ 3621(b) and §§ 3624(c)(1) (see attachment A).

In accordance with the Second Chance Act, the Petitioner's Unit Team referred him for RRC placement of 271-365 days to assist the petitioner with a successful transition back into society. The recommendation was reviewed and approved by the Warden and forwarded to the Residential Reentry Manager (RRM) for final RRC placement determination. The RRM denied petitioner for

any amount of RRC placement. No other community based programs such as a Comprehensive Sanction or Intensive Confinement Center were recommended or considered by the RRM. These programs are designed to meet the needs of higher risk inmates who are deemed ineligible for normal/regular RRC placement.

The petitioner was informed by Unit Team that the reasoning for his denial for RRC placement was based on a Public Safety Factor classification (PSF) of Sex Offender for an arrest in 2004[1]. The petitioner was advised to contest this decision through the Administrative Remedy process to which he complied. During the petitioners attempts to obtain Administrative Remedy, the warden informed him that although he was denied for RRC or home confinement placement, the United States Probation Office (USPO) gave the petitioner a home monitoring date of October 10, 2023.[2] This date is a contradiction from the initial date given in the petitioner's SENTRY file and the date given by Probation Officer Shea Stallings of May 26, 2023.

The alleged sex offense has caused an erroneous PSF classification to be placed on the petitioner. The petitioner has never been arrested, charged, or convicted for rape or any other sexually related crimes, in 2004[3] nor any other year. The BoP has the petitioner classified as a Walsh Act Sex

---

1. See Attachment: B (Warden's Response to BP-9 Remedy # 1145374-F1)
2. See Attachment: C (Warden's Response to BP-9 Remedy # 1139333-F1)
3. See Attachment: D (Formal Charge sheet for 2004 case)

Offender w/conviction. The Adam Walsh Child Protection and Safety Act of 2006 was enacted by congress and signed into law by President Bush to protect children against cruel actions of pedophiles and such. This Act contains the Sex Offender Registration and Notification Act (SORNA) which requires individuals "convicted" of a sex offense to register with a sex offender registry.[4] The petitioner has never been required to register in any city, state, county, town, parish, or territory because he was never charged as a sex offender. In the 2004 case, there was no evidence of a criminal sexual offense. Also, the petitioner has never performed conduct that constitutes a criminal offense that is a specified offense against a minor. According to Section III of the Adam Walsh Child Protection Safety Act of 2006 (34 U.S.C. §20911), this is the type of conduct that classifies one as a Walsh Act criminal. During the sentencing phase of the petitioner's court proceedings, this classification was contested in open court. The sentencing judge points out that he did not rely on the "allegations". The judge further quotes, " Those are merely the allegations as opposed to what, in fact, occurred.[*5] Through the Administrative Remedy process, the petitioner again contested this classification in an attempt to have the PSF waived or removed, so that he may be eligible for RRC placement.

---

4. See Attachment: E (Program Statement Applicability for Sex Offender status).
5. See Attachment: F & G (excerpt from sentencing transcript).

## SUMMARY

The petitioner will be released back into society as a homeless and jobless convicted felon. Placement in an RRC would assist him in the successful reintegration into society. Participation in community-based transitional services reduce the likelihood of an inmate with limited resources from recidivating. Prison has reformed and prepared the petitioner to become a productive member of society through programming, education, and gainful employment.[6] The petitioner acknowledges that he has made bad decisions in his past but has done everything humanly possible to rehabilitate himself. The petitioner has obtained his GED, been a tutor, mentors and assists young men in the furtherance of their education. As a mentor, the petitioner has created a curriculum designed to steer inmates from violence, gangs, and other negative criminal behaviors. The petitioner plans to start a nonprofit organization, become a motivational speaker and give back to the community.

In order to pursue his goals, the petitioner must over-come this last hurdle of being released to an RRC so that he may obtain employment and reestablish himself in the community and lead a successful crime-free lifestyle.

---

6. See Attachment: H (Program Review)

## CONCLUSION

The Petitioner prays that this Honorable Court review his situation in accordance with the Second Chance Act, 42 U.S.C. §§ 60541,[7] 18 U.S.C. §§ 3624 (c)(1) and (g)(1),[8] to possibly recommend him for community confinement. The petitioner was referred for prerelease custody of 271-365 days of RRC placement by his Unit team and it was approved by the Warden after determining that the petitioner would not be a danger to society and that the petitioner would be afforded a "reasonable" opportunity to adjust to and prepare for reentry into the community. The USPO set a date for the petitioner to be released on home detention for October 10, 2023. Although this date is considerably earlier than his projected release date of November 26, 2023, it is not a reasonable opportunity. This period is less than 6 months and the 10% of the term of imprisonment of 120 months that the petitioner was sentenced to.

The petitioner has been incarcerated since December of 2014, has no funds or clothing and no means to obtain either, he is also homeless and jobless. The petitioner needs at least to be allowed to attend an RRC for 120 days in order to find gainful employment to purchase clothing and make a deposit towards housing. The petitioner is in the hopes that this court attends to the needs of the man he has become and allow him to rise above the person that he once was.

7. See Attachment: I (Federal Prisoner Reentry Initiative)
8. See Attachment: J (18 U.S.C. §§ 3624 (g)(1)

It is understood that discretion and the final decision is held by the BOP in this matter. The courts realize this as well and can only make a recommendation. The petitioner no longer desires to be placed in situations where he has no control over the outcome of his life based on the environment, his financial or social status, or the lack of resources in order to succeed. Therefore, he now asks for an additional adjustment period to maximize his chances at finally living a law-abiding life. To release the petitioner back into society directly from the institution would be equivalent to pushing an individual with no arms or legs over the side of a ship into the deepest portions of the sea. In this paraplegic state, the petitioner has made his way back to the shore of freedom and is in need of more than the prosthetic assistance of 45 days of home confinement to prepare for his reintegration into society.

As limited as this Honorable Court may be in these types of situations, the petitioner now humbly prays for the mercy of a recommendation for the remainder of his sentence at an RRC, an Intensive Confinement or Drug Treatment Center to facilitate his transitition. It would be futile to describe his accomplishments while in prison if they do not garner the petitioner any reverence or relevance. However, he asks that they be taken into consideration.

## CERTIFICATE OF SERVICE

I HEREBY certify under penalty of perjury that the fore-
going is true and correct and that this Petition for Writ
of Habeas Corpus was placed in the prison mailing system
on March 30, 2023.

Respectfully submitted,

Anthony L Johnson

Anthony L. Johnson · 23296-017
FCI Terre Haute
P.o. Box 33
Terre Haute, IN
47808